IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE W. BYRD, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-CV-299-P |
| | § | |
| MINTA DELYN SPURGIN, et al. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING REMAND**

On April 1, 2024, *pro se* Plaintiff Joe W. Byrd ("Byrd") removed this case from the 67th District Court, Tarrant County, Texas, Cause No. 067-321848-20 [doc. 1]. Having reviewed the notice of removal, the Court **RECOMMENDS** that the case be *sua sponte* **REMANDED** as removal was improper. Specifically, removal was improper because: (1) a plaintiff cannot remove an action;[1] (2) the Court lacks jurisdiction;[2] and (3) the removal was untimely.[3] Accordingly, it is **RECOMMENDED** that this case be *sua sponte* **REMANDED**[4] to the 67th Judicial District Court, Tarrant County, Texas.

---

[1] 28 U.S.C. § 1441(a) provides that an action "may be removed **by the defendant or the defendants**." (emphasis added).

[2] A review of Plaintiff's Second Amended Original Petition attached to the notice of removal reveals that Byrd brings one state law cause of action against a fellow Texas resident and an insurance company. Because both Plaintiff and one of the Defendants are from Texas, there is no diversity jurisdiction. Similarly, the Court lacks federal jurisdiction as there are no federal questions presented.

[3] Removal is proper thirty days after a defendant's receipt of the petition. 28 U.S.C. § 1446(b)(1). Further, an action may not be removed more than one year after its commencement. 28 U.S.C. § 1446(c). Because this case was originally filed on November 30, 2020 and Defendants had been served the live complaint on or before December 16, 2022, we are well beyond those deadlines. (*See* ECF 1 at 25–28).

[4] The Court notes that a motion to remand a case to state court has been deemed by the Fifth Circuit Court of Appeals to be a dispositive matter. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("We therefore join the uniform view of the courts of appeals that have considered this question and hold that a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 15, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 1, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE